IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERO TIERA T. SMITH, f/k/a TIERA T. SMITH, | ) ) ) |
| Petitioner, | ) ) ) |
| v. | ) C.A. No. 18-123 (MN) ) |
| KIMBERLY HUGHEY[1], Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM ORDER

At Wilmington, this 25th day of October 2024, having reviewed Petitioner Hero Tiera T. Smith's Motion for an Evidentiary Hearing on the issue of equitable tolling (D.I. 40) and the State's Response (D.I. 42);

**IT IS HEREBY ORDERED** that Petitioner's Motion for an Evidentiary Hearing is **DENIED** for the reasons set forth below. As the facts and procedural history are familiar to the parties, the Court does not recite them here except as necessary to explain this decision.

1.  The instant case was remanded to the Court on February 27, 2024 to determine whether the doctrine of equitable tolling applies to Petitioner's § 2254 Petition. (D.I. 33-2). As framed by the Third Circuit, the threshold issue on remand is whether Petitioner was reasonably diligent in pursuing her rights. (D.I. 33-2 at 14, 17-18). The Third Circuit specifically directed the Court to develop the facts with respect to the issue of Petitioner's exercise of reasonable diligence, stating:

---

[1] The Clerk shall amend the case caption on the docket by substituting Warden Kimberly Hughey for former Warden Wendy Caple, an original party to the case. *See* Fed. R. Civ. P. 25(d).

> Trial counsel's advice to withdraw the appeal certainly appears to be the type of indefensible lawyering that could constitute an extraordinary circumstance for the purposes of equitable tolling. But whether [Petitioner] was reasonably diligent in pursuing her rights – the other prong of equitable tolling – is unclear based on the record before us and requires fact finding that should be undertaken by the District Court.

*Smith*, 2024 WL 808971, at *1, 5. The Third Circuit did not require the Court to utilize any particular method of fact finding.

    2.    Upon remand, the Court provided Petitioner with the option of filing a motion for an evidentiary hearing or filing a memorandum in support of her argument for equitable tolling. (D.I. 39). Petitioner filed the instant Motion for an Evidentiary Hearing.

    3.    In her motion, Petitioner contends the statute of limitations should be equitably tolled from April 29, 2010 (presumably, the date on which Petitioner believes AEDPA's one-year filing period expired, including applicable statutory tolling)[2] until January 22, 2018 (the date on which Petitioner filed her habeas Petition). (D.I. 40 at 7). She argues she is entitled to an evidentiary hearing in order to more fully develop her reasonable diligence argument, and proffers the following evidence and facts to support her request for an evidentiary hearing:

    a.    She was only 20 years old when she first arrived at the prison.

    b.    She is not well educated.

    c.    In 2008, she was diagnosed with Post-Traumatic Stress Disorder and depression.

    d.    Petitioner's attorneys and prison staff did not timely inform her of her right to file a habeas petition.

    e.    She was unable to perform legal research when she was housed in the Maximum Segregation Unit ("MSU") and the Mental Health Unit ("MHU"). She also states she could not access the law library when she was in the MHU.

---

[2] The Court calculated the one-year limitations period as having expired on April 2, 2010, not April 29, 2010. (D.I. 24 at 12).

  f. Trial counsel's professional misconduct included, *inter alia*, the following egregious errors: (1) counsel convinced her to withdraw her notice of direct appeal and filed a motion for sentence modification; and (2) counsel did not provide her with a copy of the denial of her motion for sentence modification, thus preventing her from filing a timely notice of appeal from that denial.

(D.I. 40 at 7-11).

  4. Although Petitioner referenced mental health and housing issues as factors to be considered when assessing whether she acted with reasonable diligence in pursuing her rights, Petitioner did not include any records to support her assertion of diligence.

  5. In Response, the State provided Petitioner's housing and medical records, and contends that an evidentiary hearing is unnecessary because the record establishes that Petitioner cannot demonstrate she exercised reasonable diligence or the existence of extraordinary circumstances. (D.I. 42 at 8; D.I. 44; D.I. 46).

  6. Evidentiary hearings are authorized in federal habeas corpus actions by Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Nevertheless, the Supreme Court has made clear that an evidentiary hearing is not required on issues that can be resolved by reference to the state court record. *See Schriro v. Landrigan*, 550 U.S. 465, 474-75 (2007) (citing cases); *Pierce v. Adm'r New Jersey State Prison*, 808 F. App'x 108, 111 (3d Cir. 2020) (reiterating that "a court should be reluctant to convene an evidentiary hearing to explore claims of a petitioner whose pleadings are [. . .] contradicted by the record.").

  6. After considering Petitioner's proffer of facts and arguments, the State's Response, and the record as supplemented with Petitioner's medical and housing records, the Court concludes that Petitioner has failed to demonstrate a need to conduct an evidentiary hearing. The Court can resolve the question of Petitioner's entitlement to equitable tolling based on the now-supplemented

3

record before the Court, and Petitioner identifies no potential facts which an evidentiary hearing is likely to unearth that would establish her right to habeas relief. *See Morris v. Beard*, 633 F.3d 185, 197 (3d Cir. 2011) (an evidentiary hearing is warranted if there are "critical issues of material fact that remain unresolved).

**IT IS FURTHER ORDERED** that, on or before November 27, 2024, Petitioner shall file a memorandum addressing the applicability of equitable tolling in this matter. Petitioner shall specifically explain how the information contained in her medical and housing records factor into the reasonable diligence inquiry, at a minimum addressing the following two questions: (1) how did Petitioner's mental health issues affect her ability to seek postconviction relief in the State courts or in filing her federal habeas Petition; and (2) how did her housing situation prevent her from filing a habeas petition for over seven years.

**IT IS FINALLY ORDERED** that the State shall file a reply within 14 days of Petitioner's memorandum. The State shall address both prongs of the equitable tolling standard: extraordinary circumstances and reasonable diligence. The State shall specifically address "whether trial counsel's performance, in advising [Petitioner] to withdraw her appeal, was unreasonable" for equitable tolling purposes and, also, whether trial counsel's advice "was objectively unreasonable under the first Strickland prong." (See D.I. 33-2 at 17).

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

4